IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs June 9, 2020

**STATE OF TENNESSEE v. NOVODNY YOUNG**

**Appeal from the Circuit Court for Lawrence County
Nos. 32938, 33047, 33048  Stella L. Hargrove, Judge**

_____

**No. M2019-01221-CCA-R3-CD**

_____

Defendant, Novodny Young, appeals after the trial court revoked his probation and ordered him to serve his effective eight-year sentence in incarceration. Because the trial court did not abuse its discretion, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

TIMOTHY L. EASTER, J., delivered the opinion of the court, in which THOMAS T. WOODALL and ROBERT L. HOLLOWAY, JR., JJ., joined.

Ronald G. Freemon (on appeal), Lawrenceburg, Tennessee; Travis B. Jones, District Public Defender; Mike Harris, Assistant Public Defender (at hearing), for the appellant, Novodny Young.

Herbert H. Slatery III, Attorney General and Reporter; Ruth Anne Thompson, Senior Assistant Attorney General; Brent Cooper, District Attorney General; and Gary Howell, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

Defendant was indicted by a Lawrence County Grand Jury in November of 2014 in case number 32938 for six counts of aggravated rape and three counts of especially aggravated sexual exploitation of a minor; in January of 2015 in case number 33047 for one count of criminal impersonation and one count of violation of the open container law; and in January of 2015 in case number 33048 for one count of domestic assault and one count of theft of property valued at $500 or less. Defendant pled guilty to six counts of statutory rape, three counts of aggravated sexual exploitation of a minor, domestic assault, and theft of property valued at $500 or less. The State nolle prossed charges for

criminal impersonation and violation of the open container law.[1]  Defendant received an effective sentence of eight years suspended to supervised probation after the service of one year in incarceration.  Defendant signed an agreement specifying specialized probation conditions for sex offenders.

In September of 2018, a violation of probation warrant was issued alleging that Defendant had been arrested for violation of the sex offender registry for being within 1000 feet of a school zone.  The trial court partially revoked Defendant's probation, ordering him to serve 90 days in the county jail prior to release back to probation.  A second violation of probation warrant was filed in January of 2019, alleging Defendant was arrested for possession of Schedule II drugs for resale.

The trial court held a hearing in April of 2019 at which Officer Skyler Lopp of the Lawrenceburg Police Department testified that on December 24, 2018,[2] he saw Defendant "coming off Maple Avenue" on foot.  Because he was familiar with Defendant, Officer Lopp called to check if there were any active warrants for Defendant's arrest.  Officer Lopp saw Defendant go "to the back" of a house on Hoover Street.  The homeowner came "out to check his dog to see why his dog was going crazy out back."  Officer Lopp pulled into the driveway and spoke with the homeowner who assured him that no one was supposed to be on his property.  Defendant came around the corner of the house and asked the officer if he had a lighter.  Officer Lopp handed Defendant a lighter and asked him why he was behind the house.  Defendant claimed that he "had to pee."  Officer Lopp obtained the homeowner's permission to walk around to the rear of the home.  At that time, Officer Lopp found "two small baggies of approximately nine and a half grams of a crystal substance that [he] believed to be methamphetamine."  The baggies were located on the ground "right next to the grill where [Defendant] was standing."  Defendant denied ownership of the baggies. Defendant was arrested.

Officer Kevin Weaver of the Department of Probation and Parole testified that Defendant was on probation for an eight-year sentence.  Defendant had already been arrested for a sex offender violation.  For this violation, he received a partial revocation and was released back to probation.  According to Officer Weaver, Defendant was

---

[1] This information was taken from the plea agreement in the technical record.  The transcript of the guilty plea hearing does not appear in the record on appeal.  Moreover, there are no judgment forms for either of these charges in the record on appeal.

[2] The transcript contains conflicting dates for Defendant's arrest-December 14 and December 24. Based on the testimony of all of the witnesses at the hearing, and the violation warrant, we surmise that the correct date is December 24.

primarily unemployed and homeless but had not failed any drug screens while on probation.

At the conclusion of the hearing the trial court revoked Defendant's probation. However, after the hearing, the trial court issued an agreed order reopening the matter in order to allow Defendant to testify. At a second hearing, Defendant told the court that he wished to provide his own version of the events, utilizing his trial counsel for "advice." Defendant admitted that he was homeless and wearing an ankle monitor at the time of this arrest. He claimed that he was on his way to "Busy Bee" but that the store was not open so he stopped in his "uncle's yard." Defendant denied that the items found in the baggies belonged to him. In fact, he claimed there was no proof that the items were actually drugs and that he was sitting in jail for an alleged crime. The trial court again determined that Defendant violated the terms of his probation, and ordered Defendant to serve his sentence.

Defendant appeals the revocation of probation.

*Analysis*

On appeal, Defendant argues that there is no substantial evidence in the record to support the revocation of his probation. Specifically, Defendant complains that there is no proof that the baggies contained drugs. The State insists that the record contains sufficient evidence to establish a violation of probation.

Upon a finding by a preponderance of the evidence that a defendant has violated the conditions of probation, the trial court "shall have the right . . . to revoke the probation." T.C.A. § 40-35-311(e)(1). After revoking a defendant's probation, the trial court is authorized to order a defendant to serve the balance of his original sentence in confinement, return a defendant to probation with modified conditions as necessary, or extend the period of probation by no more than two years. T.C.A. §§ 40-35-308, -310. The revocation of probation rests in the sound discretion of the trial court and will not be overturned by this Court absent an abuse of that discretion. *State v. Harkins*, 811 S.W.2d 79, 82 (Tenn. 1991); *State v. Leach*, 914 S.W.2d 104, 106 (Tenn. Crim. App. 1995); *see also State v. Pollard*, 432 S.W.3d 851, 864 (Tenn. 2013) (holding that an abuse of discretion standard with a presumption of reasonableness applies to all sentencing decisions). An abuse of discretion occurs when the "record contains no substantial evidence to support the conclusion of the trial judge that a violation of the conditions of probation has occurred." *State v. Delp*, 614 S.W.2d 395, 398 (Tenn. Crim. App. 1980); *see also State v. Shaffer*, 45 S.W.3d 553, 554 (Tenn. 2001). As this Court has recognized, "[a d]efendant's admission that he violated the terms of his probation, alone, constitutes substantial evidence to support the revocation of probation." *State v. Ross*

*Pruitt*, No. E2015-01494-CCA-R3-CD, 2016 WL 3342356, at *4 (Tenn. Crim. App. June 8, 2016) (citing *State v. Christopher Nathaniel Richardson*, No. M2006-01060-CCA-R3-CD, 2007 WL 776876, at *4 (Tenn. Crim. App. Mar. 15, 2007), *no perm. app. filed*), *no perm. app. filed*; *see State v. Johnson*, 15 S.W.3d 515, 518 (Tenn. Crim. App. 1999).

In this case, Officer Lopp testified that Defendant was arrested for possession of a Schedule II substance for resale. Defendant claimed that the baggies found behind the house did not belong to him and that there was no proof they even contained drugs. The trial court found Officer Lopp's testimony credible. Questions concerning the credibility of the witnesses and the weight and value to be given to evidence, as well as all factual issues raised by such evidence, are resolved by the trier of fact and not the appellate courts. *State v. Pruett*, 788 S.W.2d 559, 561 (Tenn. 1990). The rules of Defendant's probation prohibited him from using drugs and/or getting arrested. The trial court also noted the prior violation of probation that had formed the basis of the partial revocation a few months prior. There is substantial evidence in the record to support the trial court's finding that Defendant violated the conditions of his probation. Therefore, the trial court did not abuse its discretion by revoking Defendant's probation and ordering him to serve his sentence. Defendant is not entitled to relief.

*Conclusion*

For the foregoing reasons, the judgment of the trial court is affirmed.

_____
TIMOTHY L. EASTER, JUDGE

- 4 -